**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civ. Act. No. 1:19-cv-00897-JLK

WILDEARTH GUARDIANS,

       Plaintiff,

   v.

ANDREW WHEELER, in his official
Capacity as Administrator of the United
States Environmental Protection Agency,

       Defendant.

_____

**JOINT STATUS REPORT AND REQUEST FOR STAY OF DISCOVERY**
_____

Plaintiff WildEarth Guardians ("Guardians") and Defendant Andrew Wheeler,

Administrator of the United States Environmental Protection Agency ("Defendant"

or "EPA"), in advance of the scheduling conference in this case, submit the following

status report. We also request the Court to convert the upcoming August 26, 2019,

discovery and scheduling conference to a joint status conference and to continue the

scheduling conference until a date after December 20, 2019.

**BACKGROUND AND STATUS OF CASE**

1. Plaintiff Guardians filed its Complaint for Declaratory and Injunctive Relief

on March 26, 2019. ECF No. 1. Plaintiff alleged in the Complaint that Defendant had

failed to perform a nondiscretionary duty, pursuant to the Clean Air Act, 42 U.S.C. §

7511(b)(2)(A), to determine by January 20, 2019, whether the Denver-Boulder-

Greeley-Ft. Collins-Loveland, Colorado, ozone nonattainment area had attained the

2008 Ozone National Ambient Air Quality standards.

2.  Defendant admitted in his Answer that he had not made the attainment

determination by January 20, 2019, or as of the date of the Answer, May 28, 2019.

ECF No. 5.

3.  On June 20, 2019, Plaintiff Guardians filed a Motion for Partial Summary

Judgment on Liability and Memorandum of Points and Authorities in Support.  ECF

No. 8.  Plaintiff stated that it was "mov[ing] for partial summary judgment on the

issue of liability."  *Id.* at 1.

4.  On July 19, 2019, Defendant filed his Response to Plaintiff's Motion for

Partial Summary Judgment on Liability.  ECF No. 11.  Defendant did not oppose

Plaintiff's motion for partial summary judgment as to liability only, and "reserve[d]

the right to make argument and raise defenses regarding the appropriate remedy in

the event the issue is not mooted, or the parties do not reach an agreement."  *Id.* at 3.

5.  The Court entered an Order Granting Plaintiff's Motion for Partial

Summary Judgment on Liability (ECF No. 8) on July 22, 2019.  ECF No. 12.  The Court

noted that Defendant "does not oppose Plaintiff's Motion as to liability only," and

that "Defendant does not object to entry of a partial summary judgment that he did

not perform a nondiscretionary duty to make an attainment determination for the

Denver Area regarding the 2008 Ozone NAAQS by January 20, 2019."  *Id.* at 1, 2.  The

Court granted Plaintiff's Motion for Partial Summary Judgment and found that

Defendant "failed to perform a nondiscretionary duty to make an attainment

determination for the Denver Area regarding the 2008 Ozone NAAQS by January 20,

2019." *Id*. at 2.  The Court's Order resolved Plaintiff's claim on liability alone, and did not rule on remedy.

6.  The Court, by order dated June 11, 2019, set a scheduling conference for this case for August 12, 2019, and required that the parties prepare and submit a Stipulated Scheduling and Discovery Order by August 5, 2019.  ECF No. 7.  The scheduling conference was later continued at the request of the parties to August 26, 2019.  ECF No. 13.

7.  On August 8, 2019, Regional Administrator Gregory Sopkin, EPA Region 8, signed a proposed rule entitled "Finding of Failure to Attain and Reclassification of Denver Area for the 2008 Ozone National Ambient Air Quality Standard," which was published in the Federal Register on August 15, 2019.  84 Fed. Reg. 41,674.  The EPA action (a) proposes to determine that the Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado, nonattainment area had not attained the 2008 Ozone NAAQS by the applicable attainment date for "Moderate" nonattainment areas and (b) proposes deadlines for submission of State Implementation Plans to implement requirements for "Serious" nonattainment areas.  The proposed rule announced a 30-day public comment period, through September 16, 2019, and set a public hearing on the proposal for September 6, 2019.

8.  The proposed rule does not set a date by which EPA will issue a final rule, but EPA states that it intends to sign a final rule on or before December 20, 2019. Issuance of the final rule will discharge EPA's nondiscretionary duty at issue in this case.

## POSITION OF THE PARTIES

9. <u>Plaintiff Guardians</u>:

While EPA represents that it "intends" to take final action to meet its mandatory duty by December 20, 2019, Guardians believes that EPA could review and respond to comments received during the public comment period for the proposed rule in less than the 90 days proposed by EPA.  This is not a complex substantive rule, but a simple determination by EPA as to whether or not existing air quality data from 2015–2017 demonstrates that the Denver Metro-North Front Range Area attained compliance with the 2008 Ozone Standards.  EPA, the expert air quality agency, has already reviewed the data and determined that the Area did not comply with the 2008 Ozone Standards.  There is no reason to believe that public comments will raise significant substantive issues regarding this data interpretation exercise that necessitate such a lengthy comment review period.

However, Guardians recognizes the practical difficulties that make conducting a full discovery and remedy briefing process at this time unlikely to result in an EPA action significantly expedited from EPA's target date of December 20, 2019.  Accordingly, Guardians agrees with EPA that judicial economy is not served by pursuing discovery at this time.

Nonetheless, Guardians remains very concerned that EPA has made no enforceable commitment to take final action by its proposed target date of December 20, 2019.  There remains significant risk that EPA will miss its intended target date and final action will be delayed into 2020.  To mitigate this risk, Guardians is willing to immediately resolve this case by signing an agreement with

4

Defendants, enforceable by the Court, that would establish EPA's proposed target

date for its final determination as an enforceable deadline.  Such an agreement could

include a provision allowing EPA and Guardians to negotiate extension of this

deadline if EPA provides good cause for doing so, as Guardians and EPA have done

in prior cases.  If EPA is unwilling to commit to its proposed target date, this Court

has the authority to issue a final order on remedy requiring EPA to simply do what it

has stated that it intends to do – make a final attainment determination by

December 20, 2019.

10.  Defendant Wheeler:  Because the Court granted summary judgment on

liability, the only issue remaining in this case is remedy.  Once the final rule is

promulgated, the nondiscretionary duty that is the subject of this suit will have been

discharged, regardless of the content of the final rule.  EPA intends to issue a final

rule on or before December 20, 2019.  It needs that amount of time to allow the

public to comment, to hold a public meeting, and to adequately analyze and respond

to comments received.  The attainment determination is a matter of substantial

public interest and importance that requires a significant amount of time to

adequately consider and support.

As to the remedy, EPA does not agree with Guardians that an enforceable

agreement or an order from this Court is necessary.  The interests of judicial

economy and efficient use of public resources would not be served by either of these

approaches, given that the agency intends to take final action by December 20, 2019.

Entering into an "enforceable agreement," as Guardians proposes, would

require completing the settlement review and approval process under section

113(g) of the Clean Air Act, which would require providing notice in the Federal

Register, completion of a 30-day comment period, and consideration of any

comments received before EPA could enter into such an agreement.  Engaging in

that process would be inefficient and unreasonable given the existing timeframe in

which EPA intends to resolve this matter.  The parties are proposing that the Court

re-set the scheduling conference for a date after December 20, 2019.  If EPA does

not finalize the proposal by its intended date, the continued scheduling conference

could be used to ensure that the case is moved along to conclusion.

**JOINT SUGGESTION FOR FURTHER PROCEEDINGS**

11.  The parties agree that in light of the current status of this matter,

discovery is not necessary at this time.   The posture of this case has changed,

distinguishing this matter from the ordinary matter in which liability on the merits

of a plaintiff's claims is in doubt and will be litigated.  In addition, EPA has now

taken the necessary first step in discharging the nondiscretionary duty to make an

attainment determination.  The parties respectfully suggest that judicial efficiency

and the interests of the parties would best be served by converting the August 26,

2019, scheduling conference into a joint status conference and continuing the

scheduling conference until after the date by which EPA intends to issue a final rule,

*i.e.*, December 20, 2019.  In the event the EPA does not issue a final rule by that date,

depending on the circumstances at that point, it may be appropriate to set a

litigation schedule.

Respectfully submitted,

COUNSEL FOR PLAINTIFF:

Dated:  August 19, 2019

*/s/Daniel L. Timmons*
DANIEL L. TIMMONS
SAMANTHA RUSCAVAGE-BARZ
WildEarth Guardians
301 N. Guadalupe St., Ste. 201
Santa Fe, NM  87501
(505) 570-7014
dtimmons@wildearthguardians.org

COUNSEL FOR DEFENDANT:

Dated:  August 19, 2019

*/s/ Daniel Pinkston*
DANIEL PINKSTON
Environmental Defense Section
Environment and Natural Resources
        Division
U.S. Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, CO  80202
(303) 844-1804
daniel.pinkston@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **JOINT STATUS REPORT AND REQUEST FOR STAY OF DISCOVERY** by Notice of Electronic Filing using the Court's CM/ECF system, which will send notice of such filing via email to all counsel of record.

Said filing was made on or before the date set forth below.

Dated: August 19, 2019

By:     /s/ Daniel Pinkston
Environmental Defense Section
United States Department of Justice